KOLB COAL COMPANY, PLAINTIFF, v. FRANCIS H. Mc-
CAULEY, DEFENDANT.

Argued October 9, 1924—Decided February 26, 1925.

**Contracts—Action on Note—Counter-claim—Judgment for De-
fendant. on Both Note and Counter-claim Clearly Against
Weight of Evidence—Venire De Novo Issued.**

On rule to show cause.

Before Justices KALISCH, BLACK and CAMPBELL.

For the rule, *John M. Enright* and *Shelton Pitney.*

*Contra, John Milton.*

PER CURIAM.

The action was brought seeking recovery upon a demand
note of $15,000, and interest, dated April 24th, 1922, made
by the defendant to the plaintiff.

Defendant answered denying liability upon the note, and
asserting that it was without consideration and given solely
for the accommodation of the plaintiff. The defendant also
counter-claimed for certain alleged services to the plaintiff in
and about the rebate, &c., of the federal income taxes of the
plaintiff for the years 1917, 1918, 1919 and 1920.

The trial of the issue at Circuit resulted in a verdict against
the plaintiff upon its cause of action upon the note, and also
against the plaintiff and in favor of the defendant upon the
counter-claim in the sum of $15,291.78, upon which judg-
ment has been entered.

Under the rule to show cause nine reasons for setting aside
the judgment were filed; three of them are relied upon and
argued.

It is necessary, however, for us to pass upon the question
only as to whether the verdict in favor of the defendant and
against the plaintiff upon plaintiff's cause of action, namely,

the note of $15,000, and the verdict against the plaintiff and in favor of the defendant upon his counter-claim are against the weight of the evidence.

In doing so we deem it entirely unnecessary to state the details of the transactions involved in the controversy, it being entirely sufficient, in our judgment, to say that an examination of the proofs brings us to the irresistible conclusion that the verdict upon both branches of the controversy is against the clear weight of the evidence, thus requiring the judgment and the verdict upon which it is based to be set aside, and that a *venire de novo* issue.

Such an order may therefore be taken and entered.